**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHN WESLEY PATTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1536** |
| **WARDEN TRAVIS DAY** | **SECTION "B" (4)** |

**ORDER AND REASONS**

Before the Court is John Wesley Patton's ("Patton") **Omnibus Motion (ECF No. 8)** requesting various relief in connection with his petition for a writ of habeas corpus. First, Patton requests that the state court record be supplemented with transcripts, documents, and tangible evidence relating to his underlying conviction. ECF No. 8 at 1. Second, Patton requests that this Court recuse the Jefferson Parish District Attorney's Office from this matter. Third, Patton requests that the Louisiana Department of Public Safety and Corrections cease and desist interference with his legal mail. *Id*. at 1-2. Fourth, Patton requests that the Court appoint him counsel in this matter. *Id*. at 2. Finally, Patton requests that this Court unseal documents originally sealed in the state trial court relating to his underlying conviction. For the reasons that follow, Patton is not entitled to the requested relief.

**I. Request to Supplement the State Court Record**

Patton's first request is that the state court record in this matter be supplemented with transcripts, documents, and tangible evidence in his underlying criminal conviction from the 24th Judicial District Court for the Parish of Jefferson, Louisiana, in case number 18-7474. *Id*. at 2. Patton states he is worried about the incompleteness of the "entire" record due to portions of the record that he noticed were missing when filing his direct appeal in the state courts. *Id*. at 3.

On July 15, 2026, this Court ordered the Respondent to produce a copy of the *entire* state court record in its habeas corpus response order. ECF No. 2. The Respondent currently has until

November 3, 2026, to file a response to Patton's petition, inclusive of a copy of the state court record, which this Court will review and use to evaluate Patton's claims. As such, Patton's request for supplementation of the state court record prior to it being filed is denied. Should the undersigned later find any pertinent or necessary part of the state court record absent to adequately evaluate Patton's claims, the undersigned will order supplementation of the record as appropriate at that time.

## II. **Request to Recuse the Jefferson Parish District Attorney's Office**

Patton's second request is that this Court recuse the Jefferson Parish District Attorney's Office from this matter. *Id*. at 6. In support of this, Patton states that in December of 2020 he filed a federal civil action against numerous defendants in Westwego and Jefferson Parish, Louisiana, that "seemed to bring the wrath" of Jefferson Parish Assistant District Attorney Darren A. Allemand. *Id*. at 6-7. Patton alleges that this resulted in him being framed and then railroaded in an eight-day criminal trial without any due process or fairness ultimately resulting in his underlying conviction. Patton claims this unethical conduct has continued throughout his direct appeal and post-conviction proceedings. *Id*. at 8. In light of that, Patton requests that this Court recuse the Jefferson Parish District Attorney's Office from this matter and appoint the Louisiana Attorney General. *Id*. at 10.

Under Louisiana law, the prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. *See* La. Code Crim. P. arts. 61 and 62. Patton's underlying criminal conviction was prosecuted by the Jefferson Parish District Attorney's Office, the same office that has enrolled to respond to the instant federal habeas petition. Patton has not provided any valid reason why the Jefferson Parish District Attorney's Office should be recused from this case. A holding by this Court purporting to

recuse the District Attorney's office from this case on the grounds asserted by Patton would be tantamount to a holding authorizing recusal of every District Attorney's office from responding to a petition for a writ of habeas corpus that prosecuted the underlying criminal conviction of the petitioner. Thus, the Court denies Patton's request to recuse the Jefferson Parish District Attorney's Office from this matter.

## III. Request to Cease and Desist Legal Mail Interference

Patton's third request is that the Court prohibit the Louisiana Department of Public Safety and Corrections from violating his constitutional right to access to the courts. *Id*. at 11. In support of this, Patton states that he has filed several complaints with the FBI and DOJ against the mailroom staff at Rayburn Correctional Center for tampering with his legal mail. Patton asserts that a previously filed writ application to the United States Supreme Court was tampered with as it never arrived at the Court. Patton also describes an instance where Rayburn staff incorrectly sent a check intended to the United States Fifth Circuit Court of Appeals to the Lafourche Parish Clerk's Office, that JPAY emails have been sent to friends and family in an effort to harass or drive a wedge between relationships, and that an individual from the Jefferson Parish Sheriff's Office has been calling Patton's friends and family and "spreading discontent" for years. *Id*. at 12-13.

As of this date, the Court is not aware of any issues in receiving or forwarding Patton's legal mail as it pertains to this matter. This includes receipt of Patton's 226-page federal habeas petition and the present 174-page omnibus motion. The alleged events of legal mail tampering that Patton describes occurred outside of these proceedings and involve entities and individuals who are not parties in this matter. Further, the relief requested by Patton is not available through a federal habeas action and must be pursued on other grounds. Therefore, Patton's requested relief as it pertains to the Louisiana Department of Safety and Corrections is denied.

## IV. Request to Appoint Counsel

Patton's fourth request is that the Court appoint counsel to assist him in this matter. Patton states his case is very complex, contains forty-three grounds for relief, and that his trial was eight days long and involved numerous documents and testimony suppressed by the State. *Id.* at 14. Patton requests that the Court appoint Graham L. Bosworth to represent him as he was on the Jefferson Parish Indigent Defender Board.

There is no constitutional right to counsel in habeas corpus actions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008). Nevertheless, a habeas petitioner should be appointed counsel when "the interests of justice so require." *Wardlaw*, 541 F.3d at 279; *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985); *see also* 18 U.S.C. § 3006A(a)(2)(B). Appointed counsel is not required unless there is a need for an evidentiary hearing. *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011); *United States v. Vasquez*, 7 F.3d 81 (5th Cir. 1993) (if it is determined that an evidentiary hearing is needed in a habeas corpus action, the appointment of counsel is mandatory). Furthermore, "[i]f the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel." *Jackson v. Warden, W. Monroe City Jail*, No. 06-1425, 2006 WL 4041524, at *2 (W.D. La. Oct. 23, 2006) (citing *Boyd v. Groose*, 4 F.3d 669 (8th Cir. 1993), and *Smith v. Groose*, 998 F.2d 1439, 1442 (8th Cir. 1993)).

Upon initial review of Patton's pleadings, it appears entirely unlikely that an evidentiary hearing will be needed to resolve his claims. Contrary to his understanding, the claims Patton asserted are of a type routinely presented *pro se*, and he appears capable of presenting his claims and arguments as evidenced by the filing of his 266-page federal habeas petition. The information on which he bases his petition is based on and determinable through review of the state court

records and decisions and it does not appear that specialized legal knowledge nor additional investigative resources would be necessary.

The interests of justice do not warrant appointment of counsel in this case. Should circumstances change as the case develops or the Court later determines that an evidentiary hearing is necessary, appointment of counsel may be reconsidered. At this time, however, appointment of counsel is unwarranted and Patton's request is denied.

## V. <u>Request to Unseal State Trial Court Documents</u>

Patton's final request is that this Court unseal state trial court records as they pertain to Patton's underlying criminal conviction and will be relevant to his federal habeas petition. *Id*. at 16. Patton specifically requests that a motion in limine, a letter from the jury, and a question asked by the jury be unsealed. *Id*. at 16-17.

As an initial matter, this Court's review of the state trial court record is not limited to only publicly available records. To the extent that Patton seeks an order from this Court to compel the state trial court to unseal the documents, this Court is without authority to do so. The law is clear that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. Pursuant to 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." By its terms, 28 U.S.C. § 1361 does not apply to state actors, but only to officers and employees of the United States. As such, this statutory provision also does not give the Court jurisdiction to issue the requested relief that Patton seeks. *See Paige v. Bacarisse*, 80 F. App'x 299, 300 (5th Cir. 2003) (citing *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) and *Moye v. Clerk*, *DeKalb County Superior Court*, 474 2d 1275 (5th Cir. 1973));

*Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Lamar v. 118th Jud. Dist. Ct. of Tex.*, 440 F.2d 383, 384 (5th Cir. 1971). Thus, Patton's request to compel the state trial court to unseal documents contained in the state court record of his underlying conviction is denied.

Accordingly,

**IT IS ORDERED** that the requested relief outlined in petitioner John Wesley Patton's **Omnibus Motion (ECF No. 8)** is **DENIED** as set forth above.

New Orleans, Louisiana, this 2nd day of September, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**